THE STATE, EX REL. HUGH DUGAN, COUNTY COLLECTOR. OF HUDSON COUNTY, v. THE MAYOR, &c., OF JERSEY CITY, JAMES H. LOVE, COLLECTOR, ET AL.

In Jersey City the county and state taxes must be paid out of the first moneys collected under the tax levy. The eighty-third section of the act of 1866 (*Rev., p.* 1159) is, by force of section 31 of the charter of Jersey City, applicable to said city.

---

On application for *mandamus.*

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs, *J. A. McGrath* and *J. B. Vredenburgh.*

For the defendants, *John A. Blair* and *Gilbert Collins.*

The opinion of the court was delivered by

VAN SYCKEL, J. The rule granted in this case requires the board of finance and taxation, the city collector and city treasurer of Jersey City to show cause, before this court, why

a peremptory *mandamus* shall not issue to compel them to pay over to the relator, the collector of the county of Hudson, the sum of $300,363.20, the state school and county taxes for the year 1886, with interest.   It is admitted that money enough has been collected (but not a sufficient amount of the county and state tax) to pay the full amount claimed.

The question in the case is whether the county and state taxes must be paid out of the first moneys collected out of the tax levy.   It is conceded that this question must be answered in the affirmative if the eighty-third section of the act of 1866 (*Rev., p.* 1159) is applicable to Jersey City.   The defendant claims that said city, by the charter of 1871, is relieved from the operation of that section of the general tax law.

There are three sections of the Jersey City charter (*Pamph. L.* 1871, *p.* 1094) which relate to this controversy.   Section 31 provides that the city collector shall collect all taxes levied within the city for county or state purposes, and pay the same to the county collector; and with respect to the county and state taxes he shall perform the same duties, be entitled to the same compensation, and be subject to the same laws and regulations as are or may be prescribed for township collectors. Section 135 requires that all moneys received by any city officer or agent, which should be paid into the city treasury, shall be paid by him to the city treasurer within twenty-four hours after he receives the same.   Section 138, after defining the duties of assessors in the assessment of taxes for city purposes, directs that the amount for such purposes shall be assessed and raised by such per centum on the whole valuation of real and personal estate as may be required to make the same, and all taxes so assessed for said purposes shall be collected by the city collector in the same manner as he is by law directed to collect county and state taxes, and shall be paid over by him to the city treasurer as soon as collected.

The rules of interpretation require that these statutory provisions be so construed that effect be given to all of them if it can be done.

· The provision in the thirty-first section, that the city collector, with respect to the county and state taxes, shall perform the same duties and be subject to the same laws and regulations as are or may be prescribed for township collectors, brings him within the eighty-third section of the general law giving the county collector the right of priority in payment.

Sections 135 and 138 contain no language which is necessarily inconsistent with this clear requirement. They may reasonably be held to mean that all moneys which the city treasurer is entitled to for the city must be paid to him within twenty-four hours. He is not, by force of section 31, entitled to anything collected on account of taxes until the state and county tax is paid, nor is the city tax collected, within the meaning of section 138, until the state and county taxes are satisfied. The law appropriates moneys as fast as collected to those taxes until they are paid, and until this primary obligation is discharged no duty rests upon the city collector to pay the city treasurer upon account of the city tax.

The rule to show cause should be made absolute. If the sum due to the relator is not agreed upon by counsel, further application may be made to this court.

We think the cases of *State, Pierson, pros.,* v. *Douglass,* 4 *Vroom* 365, and *Bayonne* v. *State, Kingsland, pros.,* 12 *Vroom* 368, are authorities for the construction now adopted. The case of Kingsland *v.* Board of Finance, referred to by the defendants, furnishes no light upon the question before us. It does not appear for what reason the *mandamus* in that case was refused.